# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD SHAWN GUNNING, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-819 |
| | ) | |
| v. | ) | Chief Judge Ambrose |
| | ) | Magistrate Judge Bissoon |
| UNISYS CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss filed by Defendants Aetna Life Insurance Company and Highmark Life Insurance Company (Doc. 36) be denied, without prejudice to these Defendants restating their arguments at a later stage in this litigation, if appropriate.

### II. REPORT

**BACKGROUND**

Plaintiff has brought this lawsuit under ERISA, seeking an award of benefits under Short-Term Disability ("STD") and Long-Term Disability ("LTD") Plans made available to him through his employment with Defendant Unisys Corporation. *See generally* Am. Compl. (Doc. 24). Plaintiff initially was awarded STD benefits based on his medically-supported diagnosis of spasmodic torticollis. *See id.* at ¶ 14. Shortly after Plaintiff began receiving STD benefits, the STD Plan administrator determined that he did not meet the Plan's definition of disability, and the administrator terminated Plaintiff's benefits. *See id.* at ¶¶ 20-22. Plaintiff unsuccessfully appealed the denial of benefits through the Plan's administrative

procedures, and he now seeks judicial review of the unfavorable decision. *See generally id.* at ¶¶ 22-36.

Plaintiff also alleges that on October 28, 2006, twenty-six weeks from his last date of work, he became eligible for benefits under the LTD Plan. *Id.* at ¶ 37. Plaintiff claims that, when he asked the LTD Plan administrator's agents whether he was eligible for LTD benefits, they advised that he could not apply until his STD claim was resolved. *See id.* at ¶¶ 37-38 (indicating that, when Plaintiff inquired regarding LTD in October and November 2006, administrator's disability case manager and "[a]ppeals [c]oordinator" stated he was ineligible for LTD because STD claim remained unresolved).[1] Plaintiff claims that, as late as September 26, 2008 (after this lawsuit was filed), agents of the LTD Defendants continued to state that LTD benefits were unavailable given the status of Plaintiff's STD claim. *See id.* at ¶¶ 39-40.

More recently, Plaintiff has submitted a written claim for LTD, and at a status conference before the undersigned on November 13, 2008, counsel for the LTD Defendants indicated that the claim would be processed through regular administrative procedures. *See generally* Pl.'s Opp'n Br. (Doc. 44) at 8 (confirming same and indicating that: "Plaintiff's counsel will make every effort to expedite the claim"; Plaintiff has offered to undergo IME and "provide whatever other information is needed without [resort to] . . . formal discovery"; and "[i]t is likely that an initial [LTD] claims determination will be made before the post-discovery status conference scheduled for June 3, 2009").

---

[1] The Defendants now moving for dismissal are Aetna Life Insurance Company ("Aetna") and Highmark Life Insurance Company ("Highmark"; collectively "the LTD Defendants"). *See generally* Defs.' Br. (Doc. 37) at 1. The Amended Complaint identifies Aetna as the LTD Plan administrator, and Plaintiff claims Highmark "partially underwrote benefits under the LTD Plan." Am. Compl. at ¶¶ 5-6. Plaintiff's pleadings also reference "Broadspire," an entity that previously administered the STD and LTD Plans. *See id.* at ¶ 5. Plaintiff treats the alleged acts and omissions of Broadspire as those of Aetna and, for the purposes of their Motion, the LTD Defendants do not contest Plaintiff's attribution. *See generally* Defs.' Br.

2

In the instant Motion, the LTD Defendants (at times hereinafter "Defendants") seek dismissal of Plaintiff's claims for long-term disability based on his failure to exhaust administrative remedies under the Plan. *See generally* Defs.' Br. The Motion fails to specify whether Defendants seek a dismissal with prejudice or without, and the Motion does not address the impact of the LTD administrative proceedings presumably now underway. *See id.* at "Wherefore" clause.

Plaintiff's counsel has responded to the Motion, and it is now ripe for adjudication.

**ANALYSIS**

Defendants' arguments regarding exhaustion are founded on the presumption that Plaintiff never effectively "applied" for LTD benefits. *See generally* Defs.' Br. at 1. Defense counsel cites Part 13, paragraph "A" of the LTD policy, which governs participants' duty to give "Notice of Claim[s]." *Id.* at 3. Those provisions state:

> You or your representative should notify us or our authorized representative that you are Disabled as soon as reasonably possible, but in any event no more than 30 days after the date your Disability begins.
>
> Once we are notified, you will be provided forms for furnishing us with proof that you are unable to work due to sickness or injury. If you do not receive these forms within 15 days after notifying us of your claim, you . . . can send us . . . proof . . . of your claim without continuing to wait for our forms.

*Id.* (filed under Doc. 24-2 at pg. 21 of 32).

In arguing that Plaintiff "never even applied" for LTD benefits, Defendants appear to assume that a written "application" was required. *See generally* Defs.' Br. at 1. The Plan provisions relied upon in Defendants' Motion, however, say nothing regarding an "application,"

3

but rather address "notice," and the policy neither states nor implies that written notification was required. *See* LTD Policy, pt. 13, para. "A."

Turning to the allegations in the Amended Complaint, it is reasonable to infer that Plaintiff gave the LTD Defendants oral notice of his disability. *See id.* at ¶¶ 37-38 (claiming Plaintiff "inquired of" eligibility for LTD but was told by Defendants he could not apply). Taking Plaintiff's allegations as true, Defendants cannot deny knowledge regarding Plaintiff's claimed disability because their agents expressly referenced his pending short-term disability claim as the basis for his ineligibility regarding LTD. *See id.* Affording Plaintiff the reasonable inferences flowing from his factual allegations, Defendants have failed to demonstrate, for the purposes of Rule 12(b)(6), that Plaintiff did not give notice of his LTD claim as required under the Plan. *See generally* Rodriguez v. Our Lady of Lourdes Med. Ctr., -- F.3d --, 2008 WL 5411717, *4 (3d Cir. Dec. 30, 2008) (even after Supreme Court's adoption of "plausibility" standard in *Twombly*, Rule 12(b)(6) entitles plaintiff to "all reasonable inferences [flowing] from [the well pleaded] allegations in . . . the complain[t]") (citation to quoted source omitted).[2]

Defendants' failure to demonstrate a lack of notice regarding Plaintiff's LTD claim is significant, as their counsel have relied almost exclusively on Plaintiff's failure to "apply" for benefits in arguing that exhaustion should not be excused on the basis of "futility." *See* Defs.' Br. at 4-6; *see also* Pl.'s Opp'n Br. at 7-8 (arguing futility). Under the "futility" doctrine, exhaustion is not required if following the Plan's administrative procedures would undoubtedly result in a continued denial of benefits. *See* Gatti v. Western Pa. Teamsters & Employers

---

[2] Plaintiff claims eligibility for LTD benefits beginning October 28, 2006, and his pleadings indicate he advised Defendants of his desire for coverage no later than November of that year. *See* Am. Compl. at ¶¶ 37-38. The LTD policy required notification "no [later] than 30 days after the date [Plaintiff's] Disability beg[an]." *See* discussion *supra*. Plaintiff alleges, and Defendants have failed to refute, that he was "disabled" under the LTD Plan beginning October 28, 2006, and, again, it is reasonable to infer that Plaintiff gave notice within the 30-day period.

4

Welfare Fund, 2008 WL 794516, *4 (W.D. Pa. Mar. 24, 2008) (Ambrose, C.J.) (citation to binding authority omitted). The Court of Appeals for the Third Circuit has adopted a five-factor, non-exclusive analysis in determining whether exhaustion would be futile: (1) whether plaintiff diligently pursued administrative relief; (2) whether plaintiff acted reasonably in seeking immediate judicial review under the circumstances; (3) the existence of a fixed policy denying benefits; (4) the failure of the insurance company to comply with its own internal administrative procedures; and (5) testimony of plan administrators that any administrative appeal would be futile. *Id.* (citation to quoted source omitted).

Given Defendants' mistaken belief that they have established, for the purposes of Rule 12(b)(6), Plaintiff's failure to give notice under the LTD Plan, Defendants do not meaningfully address the five factors relevant to futility. *Compare generally* Defs.' Br. *with* In re Anderson, 1992 WL 12004366, *1 (S.D. Ga. Bankr. Feb. 14, 1992) ("[i]n a motion to dismiss, the movant bears the burden of proof by a preponderance of the evidence that grounds for dismissal exist") (citation omitted). Moreover, there is at least some law supporting Plaintiff's assertion that futility may be established in this case. *See, e.g.*, Wood v. Rohm & Haas Co., 2003 WL 22100887, *4 (E.D. Pa. Jul. 22, 2003) (finding allegations of futility sufficient under Rule 12(b)(6) where plaintiffs were allegedly told by employer "that they could not qualify for the [ERISA-covered] program"). Plaintiff also has yet to enjoy an opportunity to discover facts that may support his positions regarding one or more of the futility factors. *See* discussion *supra* (indicating that futility argument may be supported by, among other things, "the failure of the insurance company to comply with its own internal administrative procedures"

and "testimony of plan administrators that any administrative appeal would be futile") (emphasis added).[3]

The futility doctrine aside, Plaintiff also has alleged sufficient facts to support an argument for equitable estoppel. As the Third Circuit Court recently highlighted, the administrative exhaustion requirement under ERISA is not "a rigid jurisdictional rule," but rather is a form of "prudential exhaustion [that] provides flexible exceptions for waiver, estoppel, tolling or futility." *See* Metropolitan Life Ins. Co. v. Price, 501 F.3d 271, 279 (3d Cir. 2007) (emphasis added). Consistent with this conclusion, courts in this Circuit and elsewhere have recognized an exception where the plaintiff's failure to exhaust resulted from his reasonable reliance on material misrepresentations of the defendant. *See, e.g.*, Blahuta-Glover v. Cyanamid Long Term Disability Plan, 1996 WL 220977, *3 (E.D. Pa. Apr. 30, 1996) (in "extraordinary circumstances," equitable estoppel may excuse failure to exhaust where plaintiff "reasonably relied to [his] detriment on a material misrepresentation") (citation omitted).

Although Plaintiff's briefing does not reference equitable estoppel specifically, he clearly has alleged facts and made arguments that could support an application of the doctrine. *See, e.g.*, Pl.'s Opp'n Br. at 7 ("in response to [Plaintiff's] inquiries regarding LTD . . ., [Defendants] misrepresented material facts regarding his eligibility . . . for LTD benefits and failed to respond to his inquiries when they knew that silence might be harmful").[4]

---

[3] The District Court should express no opinion regarding Plaintiff's ultimate ability to establish futility. *See generally* Gatti, 2008 WL 794516 at *4 (plaintiff must make "a clear and positive showing of futility," and law "requires more than a common sense conclusion about what one thinks will happen") (citations omitted). The undersigned takes the position that, at this early juncture, Defendants simply have failed to establish their entitlement to dismissal under Rule 12(b)(6).

[4] Plaintiff has tied his allegations of misrepresentation to the argument that exhaustion is unnecessary because he seeks recovery for breach of fiduciary duty. *See* Pl.'s Opp'n Br. at 5 ("the exhaustion requirement does not apply to claims arising from violations of substantive

6

The Amended Complaint begs for an equitable estoppel analysis and, while the District Court should offer no definitive opinion regarding the doctrine's application, Plaintiff's allegations are sufficient to survive dismissal under Rule 12(b)(6).[5]

Last, the conclusions above are informed by the parties' agreement to proceed with the LTD administrative process during the pendency of this lawsuit. Should Defendants' Motion now be denied, but denied without prejudice, it would appear to be in everyone's best interests to complete the administrative process and do so with all practicable expedience. The prompt exhaustion of administrative proceedings will serve the interests of finality, efficiency and cost-effectiveness in this litigation.

**CONCLUSION**

The LTD Defendants' Motion to Dismiss (Doc. 36) should be denied without prejudice, consistent with the analyses above.

---

statutory [ERISA] provisions"). Plaintiff clearly seeks a recovery of benefits under the LTD Plan, however, *see* Am. Compl. at "Wherefore" clause, and the Third Circuit Court requires exhaustion in the absence of an applicable exception. *See* D'Amico v. CBS Corp., 297 F.3d 287, 291 (3d Cir. 2002) ("we still require exhaustion in cases where the alleged . . . breach of fiduciary duty . . . is actually a claim based on denial of benefits under the terms of a plan").

[5] Plaintiff's equitable estoppel theory may face major hurdles moving forward. As suggested above, the doctrine is narrow and courts have applied it sparingly. *See* discussion *supra* (plaintiff must demonstrate "extraordinary circumstances"); *see also* Gallegos v. Mount Sinai Med. Ctr., 210 F.3d 803, 809 (7th Cir. 2000) (in 7th Circuit, "estoppel in the ERISA context only applies to written, and not to oral, misrepresentations," and court has "expressed reservations about employing estoppel" outside context of "single-employer unfunded plans") (citations omitted). The undersigned's recommendations therefore are limited to the context of Rule 12(b)(6) and, if necessary, the parties should be permitted to revisit the issue at an appropriate time in this litigation.

In accordance with the Magistrates Act, 20 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by January 30, 2009. Responses to objections are due by February 11, 2009.

January 13, 2009                               s/Cathy Bissoon
                                               Cathy Bissoon
                                               United States Magistrate Judge

cc (via email):

Tybe A. Brett, Esq.
A. Patricia Diulus-Myers, Esq.
Denise R. Brossman, Esq.
Gerri L. Sperling, Esq.
Kenneth S. Kornacki, Esq.